FILED
2009 Mar-31 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD W. KING, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> REDLINE RECOVERY SERVICES, ) <br> LLC, ) <br> ) <br> ) <br> DEFENDANT. ) | **CIVIL ACTION NUMBER** <br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

This is an action brought by the Plaintiff, Richard W. King, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

**JURISDICTION AND VENUE**

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

**PARTIES**

1.  The Plaintiff, Richard W. King ("King" or "Plaintiff"), is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2.  The Defendant, Redline Recovery Services, LLC ("Defendant") is a Georgia limited liability company with its principal place of business in the state of New York. The Defendant is

engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. In October 2008, the Defendant began a campaign of harassment in an attempt to collect a debt allegedly owed by the Plaintiff that, according to Defendant, was in regards to a delinquent credit card bill from Lowe's. The alleged card was used for charges related to personal, family, or household purposes. At no time during the campaign of harassment did the Defendant provide Plaintiff with his right to request validation of the debt.

### *Phone call of October 9, 2008*

4. On October 9, 2008, an agent/employee of Defendant, who identified himself as "Greg," called Plaintiff at his place of employment attempting to collect the alleged debt. The agent/employee was extremely rude and threatening to Plaintiff.

5. The agent/employee of Defendant did not disclose that he was a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for that purpose.

6. The agent/employee said that he was with a group of attorneys in New York and asked Plaintiff if he had gotten an attorney yet for his Lowe's debt.

7. The Plaintiff responded that he was unaware that he needed an attorney, and the agent/employee told Plaintiff that he did need one because he had sued Plaintiff after a certified letter had been returned.

7. The Plaintiff told the agent/employee that he could not receive such calls at work because it threatened his job, to which the agent/employee responded that he could call Plaintiff

"anywhere and at anytime" that he wanted.

8. The agent/employee told Plaintiff that he had his social security number and his "whole life" in front of him and that Clairmont Auto was going to garnish his wages, all of his property would have liens placed on them, and that he would get his tax returns and bank accounts.

9. The agent employee continued the harassment by telling Plaintiff that he had "papers on his desk" that he would hold for 48 hours. He then told Plaintiff that if he did not pay $2,260.00 by that time, he would "release the papers" and Plaintiff would be served the next week and the balance of the debt would increase to nearly $5,000.00 at that time.

### *Phone call of October 14, 2008*

10. On October 14, 2008, Plaintiff received a call from a different agent/employee of Defendant attempting to collect the alleged debt. This agent/employee identified himself as "Mike Zapata" (sp?). This agent/employee also failed to disclose that he was a debt collector, that the communication was an attempt to collect a debt, and that any information would be used for that purpose.

11. Plaintiff told this agent/employee about the threatening and harassing call of October 9, 2008 and that that he should listen to the tape if the defendant had recorded it.

12. This agent/employee was also rude and belligerent towards the Plaintiff on this call. At one point, this agent/employee remarked: "Quit pretending you are a decent law abiding citizen because you are not."

13. At this point, the Plaintiff had become so distraught with Defendant's harassing methods that he told the agent/employee to never contact him again.

*Phone call of October 16, 2008*

14. Despite Plaintiff's demand that Defendant cease and desist communications to him, "Mike" called Plaintiff again on October 16, 2008.

15. On this call, "Mike's" tone was much more moderate. Again however, Plaintiff expressed his displeasure with the way he had been harassed and threatened by Defendant, and his desire that Defendant refrain from contacting him.

16. Apparently, "Mike" had indeed listened to the tape of the October 9, 2008 call because he told Plaintiff "I realize that you were mistreated on that previous (October 9) call and I apologize.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

18. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendant used false representations and/or deceptive means to attempt to collect a debt, including but not limited to, violations of §§1692e(2), (3), (4), (11) and (12).

20. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

21. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

22. The Defendant violated § 1692g by failing to provide a written notice to the Plaintiff regarding the debt and the Plaintiff's validation rights within 5 days after the initial oral communication.

23. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

24. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

26. The Defendant knew or should have known that said conduct was improper.

27. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

28. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

29. As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

30. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

32. The Defendant knew or should have known that the said conduct was improper and illegal.

33. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

34. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

35. As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

36. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

38. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

39. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's

privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

40. Said communications constitute the wrongful intrusion into his solitude and seclusion.

41. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

42. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff and others were committed within the time and space limits of their agency relationship with their principal, the Defendant.

43. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

44. By committing these acts and omissions against Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

45. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000, actual damages, and costs and reasonable attorney fees from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision, and Invasion of Privacy and,

D. Such other relief that this Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

_/s/ W. Whitney Seals_
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_/s/ Michael W. Lindsey_
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233